961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marion A. ROBINSON, Petitioner-Appellant,
v.
Steven J. DAVIES, Attorney General of Kansas, Respondents-Appellees.
 No. 91-3198.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Marion A. Robinson (Robinson), an inmate at the Kansas State Penitentiary, appearing pro se, appeals from the district court's order dismissing, without prejudice, his 28 U.S.C. § 2254 federal habeas corpus petition. The petition was dismissed for failure to exhaust all available state remedies on claim six, which alleged that Robinson had been denied compulsory process of defense witnesses during his Kansas state criminal trial. Robinson's motion to proceed in forma pauperis is granted. His request that we issue a certificate of probable cause is granted.
 
 
 3
 Following the district court's order of dismissal, Robinson filed a petition to reopen which the court construed as an attempt to amend the petition so as to drop claim six and proceed on the exhausted claims one through five. In denying the motion, the court stated:
 
 
 4
 Given the stage of the proceedings, and the fact that petitioner is free to refile a petition which raises only the exhausted five grounds, the court finds it appropriate to deny the motion. The court finds no unwarranted delay results in denying the motion. In responses to the original petition, the state addressed only the exhaustion issue, and requested leave to address the merit of petitioner's claims if the petition was not dismissed for failure to exhaust.
 
 
 5
 (R., Filefolder, Order of May 21, 1991).
 
 
 6
 On appeal, Robinson alleges that the district court has conspired with the defendants/respondents to unconstitutionally impede, delay, obstruct and deny him court access/redress for some twenty-three (23) months. Robinson requests that this court remove this action to an "out of state court" and assign it to an "out of state judge," order a prompt hearing and full investigation of the defendants. In addition, Robinson moved for release on appeal bond and for the appointment of appellate counsel. Those motions are hereby denied.
 
 
 7
 Appellant Robinson misconceives his legal obligation to exhaust available state remedies as to all federal claims presented in a § 2254 federal habeas corpus petition. In Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2554-55 (1991), the Supreme Court stated that "This Court has long held that a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." See also Rose v. Lundy, 455 U.S. 509 (1982); Hurd v. Mondragon, 851 F.2d 324, 327-28 (10th Cir.1988).
 
 
 8
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3